```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF FLORIDA
          TAMPA DIVISION
```

NOLAN NATHANIEL EDWARDS,

                Plaintiff,

v.

                              Case No. 8:08-cv-1956-T-33TBM

EXECUTIVE OFFICE FOR U.S. ATTORNEYS,

                Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's Motion for Summary Judgment (Doc. # 18). Plaintiff filed a Motion for Cross-Summary Judgment (Doc. # 21), which this Court construes as Plaintiff's response to Defendant's Motion for Summary Judgment.

I.   Background

Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Defendant Executive Office for United States Attorneys ("EOUSA") on January 29, 2004. Plaintiff seeks information regarding events linked to his arrest on January 29, 1996, and his subsequent indictment on drug-related charges. Shawn Williams was also involved in those events but chose to testify against Plaintiff. Plaintiff was found guilty by a jury on February 20, 1997. Taking into consideration prior felony drug convictions, Plaintiff was sentenced on August 28, 1997, to life imprisonment for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base.

Plaintiff, in his initial FOIA request on January 29, 2004, asked for "'all records of Shawn Williams' police statements' as related to case number 96-332-CR-T-25(A)." See Exh. A[1]. On April 30, 2004, the EOUSA informed Plaintiff that

> Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

See Exh. D. Plaintiff subsequently narrowed his request; i.e., on May 13, 2004, Plaintiff wrote to the EOUSA and clarified that his request should not be processed as a Project Request. Instead, he asked for "only Shawn William's statements that he made to police pertaining to the events on January 29, 1996 . . . . Any and all records of the statements made by Shawn Williams to the police concerning myself and the events of January 29, 1996 are the specific object of my request . . . ." See Exh. E.

On June 14, 2004, the EOUSA released five full pages and one partial page of material pursuant to Plaintiff's FOIA request. See Exh. F; Finnegan Decl. ¶¶ 9, 12-13. The EOUSA withheld in full seven pages of material that was otherwise responsive to Plaintiff's request. See Exh. F; Finnegan Decl. ¶ 9. This material included, for example, the names and/or identifying data pertaining to third party individuals who were considered by the

---

[1]All citations to exhibits and declarations refer to attachments to Defendant's Motion for Summary Judgment (Doc. # 18).

Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI") and local law enforcement agencies to be suspects in the criminal drug investigation involving Plaintiff. See Finnegan Decl. ¶ 25. The material withheld also included the identity of a third party who was merely mentioned in the criminal investigation, see id. ¶ 26, as well as the names and other important information related to FBI and DEA Special Agents and local law enforcement officers involved in the case pertaining to Plaintiff. See id. ¶ 24.

The material that was not produced was withheld pursuant to FOIA exemption 7, 5 U.S.C. § 552(b)(7), and exemption (j)(2) of the Privacy Act ("PA"), 5 U.S.C. § 552a(j)(2). See Finnegan Decl. ¶¶ 14-33. Plaintiff filed an appeal with the Office of Information and Privacy ("OIP") regarding the EOUSA's decision to withhold these materials. See Exh. G. The OIP affirmed the EOUSA's decision. See Exh. H.

The EOUSA now moves this Court for summary judgment arguing that because these exemptions expressly permit the EOUSA to withhold personally identifiable information related to both law enforcement personnel, informants and third parties to protect their privacy and security, the material withheld is exempted from the disclosure requirements.

II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"Generally, FOIA cases should be handled on motions for summary judgment . . . ." Miscavige v. I.R.S., 2 F.3d 366, 369 (11th Cir. 1993); see also Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)("FOIA litigation is typically adjudicated through summary judgment").

III. Analysis

Adequacy of an agency's search for documents requested under FOIA is to be judged by a reasonableness standard. See Miccosukee Tribe of Indians of Florida v. United States, 516 F.3d 1235, 1248 (11th Cir. 2008). The government is obligated to show "beyond a material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." Id. at 1248 (citing Ray v. U.S. Dep't of Justice, 908 F.2d 1549, 1558 (11th Cir. 1990)). The Court finds that Defendant has met this burden and

notes that it does not appear that Plaintiff is asserting any error on the part of Defendant as to the adequacy of the search for documents requested.

The Court must next determine whether the EOUSA properly invoked FOIA exemptions when it withheld the documents in question. The burden is on the government to prove that the information in question is covered by one of the exemptions. <u>Miccosukee</u>, 516 F.3d at 1258; <u>Ely v. F.B.I.</u>, 781 F.2d 1487, 1489-90 (11th Cir. 1986). In satisfying this burden, an adequate factual basis may be provided through a singular method, including affidavits, a <u>Vaughn</u> Index (a detailed index showing justification for withholding each document), or an *in camera* review, or a combination of these methods. <u>Miscavige</u>, 2 F.3d at 368; <u>see</u> <u>also</u> <u>Miccosukee</u>, 516 F.3d at 1259. Indeed, "[a]n adequate factual basis can be established *in this Circuit* by affidavits alone, in lieu of a *Vaughn* Index or an *in camera* review." <u>Miccosukee</u>, 516 F.3d at 1259 (emphasis in original); <u>see</u> <u>also</u> <u>Miscavige</u>, 2 F.3d at 368 (holding that "in certain cases, affidavits can be sufficient for summary judgment purposes in a FOIA case if they provide an accurate basis for decision"). "[I]t is a rare case, however, where the government provides all three - affidavits, a *Vaughn* Index, and *in camera* review...." <u>Miccosukee</u>, 516 F.3d at 1259.

In this case, Defendant provides two declarations and a <u>Vaughn</u> Index in support of its motion for summary judgment. Having

reviewed the declarations and the Vaughn Index, the Court finds that they provide more than an adequate factual basis for withholding each document at issue.

Although Plaintiff asserts that there are genuine issues of material fact that preclude summary judgment, the only issue raised by Plaintiff seems to indicate that the withheld information has already been provided to Plaintiff. Plaintiff states that "[t]he fact in dispute are that the event that defendant's claimed exemptions are related to its Vaughn Index, such exemptions would be inapplicable because the defendant has released the claimed exempt information in another Court proceeding." See Doc. # 21, ¶ 4. Plaintiff goes on to argue that when balancing privacy rights against public interest, public interest prevails in this case "because the United States Attorneys Office ... has released the same information to the Plaintiff that it now claimed to be exempted." See Doc. # 21, ¶ 8. The Court finds that Plaintiff's assertions fail to raise a genuine issue of material fact that preclude summary judgment.

Accordingly, after careful consideration, the Court finds that the government conducted a thorough search for responsive documents and responded to Plaintiff's request. In addition, the Court finds that the EOUSA has met its summary judgment burden by supplying facts, through declarations and a Vaughn Index, demonstrating that it properly withheld the records under the FOIA and PA. There

being no genuine issue of material fact, the Court finds summary judgment is due to be granted in favor of Defendant.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant's Motion for Summary Judgment (Doc. # 18) is **GRANTED**.

(2) Plaintiff's Motion for Cross-Summary Judgment (Doc. # 21) is **DENIED**.

(3) Plaintiff's Motion for Determination of Case Status and Request for Defendant's Clarification (Doc. # 22) is **DENIED AS MOOT**.

(4) The Clerk is directed to enter judgment in favor of Defendant and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of March, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record